UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLOS URENA,

                            Petitioner,

          -v-

UNITED STATES,

                            Respondent.

18 Civ. 9995 (PAE)
11 Cr. 1032-4 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has received the attached letter ("Urena Letter") from petitioner Carlos Urena in support of his § 2255 motion. On November 6, 2020, the Court stayed further briefing on Urena's petition pending the Second Circuit's *en banc* decision in *United States v. Scott*, 954 F.3d 74 (2d Cir. 2020). *See* No. 18 Civ. 9995, Dkt. 31. In that order, the Court directed the Clerk of Court to mail a copy of the order to Urena, but that package was returned.

The Clerk of Court is respectfully directed to mail a copy of this order, the Court's order at docket 31, and the Government's opposition at docket 30 to Urena at the following address:

Carlos Urena, #660-80-054
U.S.P. Canaan
Smart Communication
P.O. Box: 30
Pinellas Park, FL 33781

Urena's counsel, Gregory Cooper, Esq., is also directed to mail a copy of the above orders to Urena and to file an affidavit that he has done so.

SO ORDERED.

                                                                    *Paul A. Engelmayer*
                                                                    _____
                                                                    PAUL A. ENGELMAYER
                                                                    United States District Judge

Dated:  December 17, 2020
            New York, New York

Rec'd w/rl/c

18-CV-09995
14-Cr-1032

Dear Judge Engelmayer,

I hope that when this note gets to your hands you are doing well.

Judge I'm sending this note to let the court know that I'm in a different jail now (U.S.P. Canaan, P.O. Box: 300 Waymart, PA, 18472). I'm also sending you some thing I wanted to bring to your attention from the Rodriguz and Camacho case.

I also want to ask you judge, how is it that Rodriguez and Camacho got the same chargers (P.25.25-N.Y.P.L.) as me and they are acuse of two murders and one atemp and I only got one murder in my chargers. they got each 20+5 years and I got life.

How is that the law works in this situation because I don't get it.

Have a nice day judge;

Att: 660-80-054
Carlos Ureña

This is some of the the things you can find in the case of: U.S. v. Jaime Rodriguez and Steven Camacho 94Cr.313(CSH) 2020 US. Dist. Lexis 66715.

- "Substantive crimes are charge in Counts Tow, Thee and four of the indictment. The question is whether They Constitute 'Crime of violance' Which fall withing the element clause of 924(c), That being The portion of the firearms statute which retains a Post Davis Contitutional validity. Those substantive crimes are alleged violation of the New York Penal Law. The criminalization of state offenses in a federal statute such as The firearm Law depend upon the elements specified in the relevant state Criminal Laws. See., g. Boykin 2020 U.S. Dist. Lexis 27317, 2020 WL 774 293, at *6 (For purposes of The RiCO statute, 18 U.S.C. 1959 (a)(1) What The federal statute Criminalizes is behavier That qualifies as 'murder' under state law. That is why Count four alleges That The murder of Lamont young violated NY Penal law 125.25 and NY Penal Law 20.00)

- If under New York law, the use of physical force (actual, attempted or Threatened) is not a neccessary element of the crime; of the crime of second degree murder (actual or attented) it would fallow that Second degree murder as defined by The New york Penal Law is not Categorically a "Crime of violence" as defined by The federal Firearms statute. Such a conclution would riquire vacatur of These defendant's firearms Eonviction and sentences.

- This Principles and their application are illustrated by a Consistent line of case. In United States v. Begay, 934 F.3d 1033 (9th Cir. 2019), The defendant was convicted of second degree murder under The federal murder statute and was also Convicted of discharging a firearm "during a crime of violence" 18 U.S.C 924(c) 934 F.3d at 1038. The defendant havin argued on appeal That "Second degree murder does not qualify as a "crime of violence". The ninth Circuit said that "we do not look to the facts underlying The Conviction, but Compare the elements of the statute forming the basis of the defendant's

with the elements of a "crime of violence" - The defendant's crime can not be categorical "crime of violence if the conduct proscribed by the statute of conviction is broader than the conduct encompassed by the statutory definition of a "crime of violence"... Accordingly, we compare the elements of U.S.C. 1111, the second degree murder statute, to the definition of a "crime of violence" found in 924 (c)(3)... Because the Supreme Court declared 18 U.S.C. 924(c)(3)(B) uncontitutionally vague in United States v. Davis we need only determine whether second-degree murder contitutes a crime of violence under the "elements clause" in subsection (A) Second-degree murder does not constitute a crime of violence under the elements claus 18 U.S.C. 924(c)(3)(A) because it can be commited recklesly...

Carlos Ureña #660-80-054
18-CV-09995
11-CR-1032



Carlos Ureña #660-86-054
U.S.P Canaan
Smart Communication
P.O Box: 30
Pinelas Park, Fl 33781

Rec'd 11/18/20 mn

Honorable:
Paul A. Engelmayer
U.S. District Court Judge
Southern District of new york
40 Centre Street
New York, NY 10007

LEHIGH VALLEY PA 180
16 NOV 2020 PM 4

SDNY
US MAIL 40LD

10007-150725

THIS CORRESPONDENCE IS
FROM AN INMATE CURRENTLY
IN THE CUSTODY OF THE
FEDERAL BUREAU OF PRISONS