UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLOS URENA,

                      Petitioner,

        -v-

UNITED STATES,

                      Respondent.

18 Civ. 9995 (PAE)
11 Cr. 1032-4 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

    Following an eight-week jury trial in March and April 2014, Carlos Urena ("Urena") was convicted of numerous offenses. As relevant here, these included murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) ("Count 3"),[1] and the use of a firearm in connection with that murder, in violation of 18 U.S.C. § 924(j)(1) ("Count 33"). *See* 11 Cr. 1032-4 (PAE), Dkt. 539. The conviction under Count 3 served as a predicate "crime of violence" for the conviction under Count 33. *See* 18 U.S.C. § 924(c)(3)(A).

    On October 26, 2018, Urena filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Dkt. 1.[2] On October 25, 2019, the Court denied that petition as meritless. Dkt. 16. On August 24, 2020, Urena filed a new petition *pro se* under § 2255. Dkt. 21. On September 12, 2020, appointed counsel submitted a supplemental letter brief in support.

---

[1] 18 U.S.C. § 1959(a)(1) "criminalizes . . . behavior that qualifies as 'murder' under state law." *See Boykin v. United States*, No. 16 Civ. 4185 (CM) 2020 WL 774293, at *6 (S.D.N.Y. Feb. 18, 2020). Urena's § 1959(a)(1) conviction was based on a charge of second-degree murder under N.Y. Penal Law § 125.25(1).

[2] All citations to the docket in this order refer to the docket for Urena's civil case, unless otherwise noted.

Dkt. 25.  On June 21, 2021, Urena filed another petition reprising some arguments set out in the letter brief.  Dkt. 39.  These § 2255 petitions primarily argue that Urena's conviction under Count 33 should be set aside because his murder conviction under Count 3 does not qualify as a predicate "crime of violence."  Dkt. 25 at 3; Dkt. 39 at 3.  In so arguing, Urena relies on *United States v. Scott*, 954 F.3d 74 (2d Cir. 2020) (*Scott I*), in which a Second Circuit panel held that first-degree manslaughter under N.Y. Penal Law § 125.20(1) does not qualify as a "crime of violence" because it could be committed by acts of omission.  *Id.* at 92; Dkt. 25 at 3.  Urena argues that *Scott I* compels the same result for second-degree murder under N.Y. Penal Law § 125.25(1).  Dkt. 25 at 3.

On November 6, 2020, this Court reserved decision pending the conclusion of the appellate process in *Scott I*.  Dkt. 31.  On March 2, 2021, the Second Circuit, sitting *en banc*, overturned the panel decision in *Scott I*.  It held that first-degree manslaughter under N.Y. Penal Law § 125.20(1) does qualify as a "crime of violence."  *United States v. Scott*, 990 F.3d 94 (2d Cir. 2021) (en banc) (*Scott II*).  On October 18, 2021, the Supreme Court denied certiorari.  *See* No. 20-7778, 2021 WL 4822682 (Mem.) (U.S. Oct. 18, 2021).

This Court now denies Urena's § 2255 petitions for two independent reasons.  First, in light of *Scott II*, Urena's argument is legally baseless.  In holding that first-degree manslaughter under N.Y. Penal Law § 125.20(1) qualifies as a "crime of violence," the Second Circuit held that any defendant whose homicide conviction is based on an intent "to cause at least serious physical injury must be said to have knowingly used the force causing death *regardless of whether he did so by commission or omission*."  *Scott II*, 990 F.3d at 112 (emphasis added) (citing *United States v. Castleman*, 572 U.S. 157, 169 (2014)).  That reasoning squarely applies to second-degree murder under New York law, which requires proof of intent to cause death, "the ultimate physical injury."  *See id.* at 122; N.Y. Penal Law § 125.25(1).

Second, irrespective of *Scott II*, the Second Circuit, in a decision arising from the same indictment which charged Urena, has squarely held that murder in aid of racketeering under 18 U.S.C. § 1959(a)(1) *is* a predicate "crime of violence" for a conviction under 18 U.S.C. § 924(j). *United States v. Sierra*, 782 F. App'x 16, 20–21 (2d Cir. 2019) (summary order).[3]  That ruling governs, as this Court is not at liberty to "contradict a Second Circuit ruling squarely on point merely because it was rendered in a summary order." *United States v. Tejeda*, 824 F. Supp. 2d 473, 475 (S.D.N.Y. 2010).  *See also United States v. Praddy*, 729 F. App'x 21, 24 (2d Cir. 2018) (summary order) (rejecting that attempted murder can be committed without an attempted act of physical force); *Beltran v. United States*, Nos. 11 Cr. 1032 (PAE), 16 Civ. 4452 (PAE), 2020 U.S. Dist. LEXIS 21042, at *4 (S.D.N.Y. Feb. 6, 2020) (rejecting "argument that murder in aid of racketeering under § 1959(a)(1) is not, measured by its elements, a crime of violence"); *Boykin*, 2020 WL 774293, at *6–7 (same).

For these reasons, Urena's § 2255 petitions are denied.  The Clerk of Court is respectfully directed terminate the pending motion at 18 Civ. 9995 (PAE), dockets 21 and 39, to close that case, and to mail a copy of this order to Urena at United States P.O. Box 300; Canaan Penitentiary; Waymart, PA 19472.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: December 7, 2021
       New York, New York

---

[3] Urena does not dispute that second-degree murder under N.Y. Penal Law § 125.25(1) satisfies the definition of "murder" under 18 U.S.C. § 1959(a)(1).